At the December term, 1853, of this Court, the suit of Foust v. Ireland, 1 Jones' Rep. 184, was decided, by which it was established that Mrs. Mary Foust took the full right and property to certain slaves bequeathed to her by the will of her late husband, Peter Foust, in case she abstained from again marrying. Up to the time of this decision, there was great doubt prevailing amongst those interested in the succession, whether, under her husband's will, Mrs. Foust took more than a life estate in these slaves In case she took but a life estate, it was conceded on all hands that the slaves devolved upon the living children of the testator, Peter Foust, and the children of a daughter, Mrs. Clapp, who was dead. In the year 1851, the plaintiffs, Ireland and Hurdle, purchased the right of Mrs. Amick, one of the children of Peter Foust, to the slaves in question, which was supposed to be one sixth part in the remainder after the death of Mary Foust, for which they paid $1600. They also purchased of Peter Clapp, one of the children of Mrs. Clapp, his supposed interest in his mother's share of the slaves, at $250; also of Henry Clapp, another of her children, his interest, at $200; and of Solomon May, who had married a daughter of Mrs. Clapp, his wife's interest therein, at $250.
Mary Foust, the widow of Peter Foust, long before the decision of the case in the Supreme Court, to wit, in the year 1849, made her will, in which she bequeathed, among other things, as follows:
"2nd. I will to my daughter, Elizabeth Clapp or her children, one hundred dollars.
"3rd. I will to my daughter Sally Amick, one hundred dollars."
She then proceeds to will to her sons, John, George, Peter and Daniel Foust, several plantations, describing them, and to Daniel Foust $200.
She bequeaths some small specific legacies to divers persons, and then proceeds: *Page 500 
"13th. I will to my son Peter Foust, one negro man named James, and five hundred dollars in cash, to him and his heirs and assigns forever.
"14th. The balance of my property, not willed away, to be sold by my executors, either at public or private sale, or to be divided at their discretion, and after paying off all the above legacies, if there should be any thing left, it is my will that it shall be divided among my sons, share and share alike."
Mrs. Foust died in the year 1851, without having married again, at which time the slaves had largely increased and become very valuable.
The plaintiffs allege in their bill that Mrs. Foust never supposed or believed that she had any greater estate than a property for her life in the slaves in question, and that she did not intend, by the residuary clause in the above recited will, to pass them to her four sons, and that according to a fair construction of the will, she died intestate as to them, so that the parties from whom they purchased were entitled, each to a share, and they pray that they may have the benefit of their purchases allowed them by a decree of this Court.
But if in this they are mistaken, and the Court shall be of opinion that the slaves passed by this residuary clause, they pray that they may be, protanto, reimbursed for the money they have paid, out of the two pecuniary legacies of one hundred dollars, willed to Mrs. Amick and Mrs. Clapp.
The next of kin of Peter and Mary Foust are made parties defendant, who answered the bill; but as the decision of the Court is based upon a consideration of the equity set forth in the pleadings as above stated, it is not deemed necessary to notice further the answers or the proofs taken in the cause.
The rule is settled that, under a general residuary clause, every thing passes that is not disposed of by the will. *Page 501 
It may be true that the testatrix did not know she was entitled to the absolute property in the slaves; we are inclined to think such was the fact, because she seems to have been doubtful whether there would be any thing left after paying off the specific and general legacies; but however this may have been, it is not sufficient to make an exception to the rule. The grounds upon which exceptions are made, are stated and discussed in Lea
v. Brown, ante 141. This case does not come within any principle that has been recognized as sufficient to make it an exception. The presumption is that every one who makes a will, intends to dispose of his whole estate, and one purpose of a general residuary clause is, to dispose of such things as may have been forgotten or overlooked, or may be unknown.
The plaintiffs have no pretext for setting up a claim to the pecuniary legacies of $100. These legacies have no reference to, or connection with, the slaves whatever.
PER CURIAM, Bill dismissed.
 *Page 1